IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ASHLEY VANDERIPE, *on her own behalf and on behalf of others similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> ARCONIC US LLC, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** |

Plaintiff Ashley Vanderipe, on her own behalf and on behalf of others similarly situated, on information and belief except to her own experiences and matters of public record, complains of Defendant Arconic US LLC ("Arconic") as follows:

## NATURE OF THE ACTION

1. This action arises under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 ("WARN Act").

2. In general, the WARN Act requires that covered employers give their employees 60 days' notice before they are fired as part of a mass layoff or plant closing.

3. Defendant operates a manufacturing facility in Lafayette, Indiana, where Plaintiff worked for approximately two years beginning in 2022.

4. On or around November 22, 2024, Defendant fired Plaintiff as part of a mass layoff of approximately 100 employees from the Lafayette facility without giving the notice required under the WARN Act to Plaintiff, the other laid-off employees, or their union representatives.

1

5. Plaintiff brings this action on her own behalf, and on behalf of all other Arconic employees fired from the Lafayette facility in the same mass layoff, to recover the damages to which the WARN Act entitles them for Defendant's noncompliance with its notice requirements.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject-matter of this action under 28 U.S.C. § 1331 because it arises under a federal statute.

7. Venue is proper in this district under 28 US.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.

8. Venue is also proper in this district under 29 U.S.C. § 2104(a)(5) because the WARN Act violation is alleged to have occurred in this district.

9. Divisional venue is proper in this division under Local Rule 3-1(a) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this division.

## PARTIES

10. Plaintiff Ashley Vanderipe is a resident of Lafayette, Indiana.

11. Defendant Arconic is a limited liability company organized under the laws of Delaware with its principal place of business in Pittsburgh, Pennsylvania.

12. Defendant's manufacturing facility in Lafayette, Indiana, ("Facility") is located at 3131 East Main Street.

## COMMON FACTUAL ALLEGATIONS

13. Arconic is part of a multinational enterprise that manufactures and distributes aluminum and other lightweight metals products for use in a range of industries. Arconic operates in nine countries and twelve U.S. states.

2

14. The Facility in Lafayette manufactures extrusions for the aerospace, transportation, and oil and gas industries.

15. Plaintiff worked as a press operator at the Facility for approximately two years beginning in 2022.

16. Plaintiff was laid off from her position on November 22, 2024.

17. Plaintiff learned that she would be affected by the layoff only days before November 22.

18. Plaintiff received no written notice of the layoff from Arconic, either directly or through her union representative.

19. Between 80 and 100 other Arconic employees were laid off from the Facility on or around November 22, likewise without written notice to the employees or their union representatives.

20. Arconic is subject to the WARN Act because it employs 100 or more employees, excluding part-time employees.

21. Arconic's layoffs at the Facility on or around November 22 constituted a "mass layoff" under the WARN Act because they caused employment loss for at least 33 percent of employees at the Facility and at least 50 employees at the Facility, either within a 30-day period or within a 90-day period as part of separate layoffs considered in aggregate that were not the result of separate and distinct actions.

22. The WARN Act therefore required Arconic to provide 60 days' written notice of the impending mass layoff to Plaintiff and all other affected employees, or to their union representatives.

23. Arconic failed to provide *any* written notice to such employees or their union representatives.

24. Arconic's failure to give the required notice was willful and not based on any reasonable grounds for believing that the WARN Act did not require notice.

## CLASS ALLEGATIONS

25. Under Federal Rules of Civil Procedure 23(a) and 23(b)(3), Plaintiff seeks to represent the following putative class ("Class"):

> All employees of Defendant who were terminated as part of a mass layoff as defined in the WARN Act within 90 days of November 22, 2024.

26. The Class contains between 80 and 100 members, and is therefore so numerous that joinder of all its members is impracticable.

27. There are questions of law and fact common to the Class, including without limitation (a) whether Defendant's layoff occurring on or around November 22, 2024, constituted a "mass layoff" under the WARN Act; (b) whether Defendant was required to give written notice to employees affected by the mass layoff occurring on or around November 22, 2024, or to their union representatives; and (c) whether Defendant failed to give the written notice required by the WARN Act.

28. Plaintiff's claims are typical of the Class's. Plaintiff and Class members share the same rights under the WARN Act, which Defendant has injured in the same way by failing to give required notice.

29. Plaintiff will fairly and adequately protect the Class's interests, as Plaintiff shares the Class's interest in vindicating members' WARN Act rights; has no interest adverse to the Class's; and has retained competent counsel experienced in employee class action litigation.

4

30. The questions of law and fact common to Plaintiff and the Class predominate over any individualized questions because, among other reasons, Defendant has violated their rights under the same statute by the same conduct.

31. A class action is superior to other available methods for adjudicating this controversy because, among other reasons, Plaintiff's and Class members' claims may be too small to justify individual litigation.

## CLAIM TO RELIEF

### COUNT I
### Violation of the WARN Act, 29 U.S.C. §§ 2101–2109

32. Plaintiff realleges paragraphs 1–24 above.

33. Defendant is an "employer" under 29 U.S.C § 2101(a)(1).

34. Plaintiff is an "aggrieved employee" under the WARN Act, 29 U.S.C § 2104(a)(7).

35. Plaintiff was an "affected employee" under 29 U.S.C. § 2101(a)(5).

36. Layoffs at the Facility occurring within 90 days of November 22, 2024, constituted a "mass layoff" under 29 U.S.C. §§ 2101(a)(3), 2102(d).

37. The Facility was a "single site of employment" under 29 U.S.C. § 2101(a)(3)(B).

38. Defendant was required to give affected employees, including Plaintiff, or their union representatives 60 days' written notice that the employees would be affected by the mass layoff occurring at the Facility on or around November 22, 2024, under 29 U.S.C. § 2102(a)(1).

39. Defendant failed to give affected employees, including Plaintiff, or their union representatives the written notice required under 29 U.S.C. § 2102(a)(1).

40. Defendant did not act in good faith.

41. Defendant had no reasonable grounds for believing that its failure to notify affected employees, including Plaintiff, or their union representatives of the mass layoff at the Facility would not violate the WARN Act.

42. Defendant is liable to Plaintiff under 29 U.S.C. § 2104(a)(1) for back pay for each day it violated the WARN Act and benefits under an employee benefit plan described in 29 U.S.C. § 1002(3).

## PRAYER FOR RELIEF

43. Plaintiff asks the Court to

    a. Certify this action as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3), appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel;

    b. Enter a final judgment in Plaintiff's and the Class's favor that

        i. Awards damages under 29 U.S.C. § 2104(a)(1), according to proof, and

        ii. Awards pre- and postjudgment interest, as allowed by law;

    c. Award Plaintiff and her counsel their reasonable costs and fees incurred in prosecuting this action, as allowed by law; and

    d. Order such further relief as the Court finds appropriate.

## JURY DEMAND

44. Plaintiff demands a trial by jury on all issues so triable.

Dated: March 17, 2025                    Respectfully submitted,

/s/ *Lynn A. Toops*
Lynn A. Toops
Ian R. Bensberg**
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204

6

(317) 636-6481
ltoops@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV*
Michael C. Iadevaia*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@straussborrelli.com
raina@straussborrelli.com

*Attorneys for Plaintiff and the Proposed Class*

* Application for admission *pro hac vice* forthcoming

** Admission pending

7